(No. 3529—

W. C. FOWLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1943.*

K. C. RONALDS, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed July 17, 1940, seeking an award in the sum of Three Thousand Dollars ($3,000.00) for injuries suffered by claimant while employed as a laborer on State Bond Issue Route No. 145 on January 16, 1939. Amended complaint was filed December 20, 1940. Claimant was paid for total temporary disability, and the final period for which said compensation was paid was from June 6th to June 20th inclusive, 1939.

This claim now comes before the court on the original complaint, respondent's motion to dismiss with affidavit in support thereof, respective briefs and arguments of respondent and claimant, claimant's amended complaint, reports of the Division of Highways, and transcript of evidence on behalf of claimant.

Section 24 of the Workmen's Compensation Act provides, in part, as follows:

"Unless application for compensation is filed with the Industrial Commission within one year after the date of the last payment of compensation, the right to file such application shall be barred."

In the Act creating the Court of Claims it is provided that this court shall have the power "to hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by an employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the Workmen's Compensation Act."

These, by limitation, are jurisdictional, and unless they are followed by a claimant this court is without jurisdiction to hear the matter and, upon motion, the complaint must be dismissed.

Claimant admits that this claim as filed does not comply with Section 24 and, since the complaint shows on its face that more than twelve months elapsed from the date of the injury and/or the last payment of compensation and the date of filing claim, the court must conclude that the provisions of Section 24 of the Workmen's Compensation Act have not been complied with and the court lacks jurisdiction to consider this claim under that section.

Claimant seeks to bring his claim within Section 19, Paragraph (h), which provides—

"An agreement or award under this Act providing for compensation in installments may at any time within eighteen months after such agreement

or award be reviewed by the Industrial Commission at the request of either the employer or employee."

This question was decided by the court in the case of *Clarence Malcom* vs. *State of Illinois,* No. 3546, opinion rendered at the September, 1942, term of this court, in which case this question was discussed in detail, and the court concluded that paragraph (h) of Section 19 was not applicable in original proceedings.

This court being without jurisdiction, the motion to dismiss by respondent is therefore granted and the complaint is hereby dismissed.